(Superior Court of Cincinnati—*Special Term.*)

JOSEPH S. COOK ET AL. *v.* J. D. LEHMER ET AL.

1. Certain assignors under three separate deeds made assignments of different pieces of property to the same assignee. The assignee gave bond only under the first trust. Subsequently by consent of the assignors the three trusts were united, and upon a final accounting in the probate court, it was found that the assignee was indebted in

a certain sum to the assignors under the three trusts, but by reason of the union of said trusts it was impossible to determine to what extent, if any, there was any deficiency under the first trust.

*Held:* There can be no recovery against the sureties of the first trust.

(Decided March, 1894.)

———

SMITH, J.

This is an action to recover from the defendants as bondsmen of Dudley W. Strickland $7,465.38, with interest. The defendants set up six defenses.

It appears from the evidence that on March 8, 1878, the plaintiffs made a deed of trust to Dudley W. Strickland of a large number of pieces of real estate, but not all of their property, for the following uses and purposes:

"*First*—To sell the same.

"*Second*—To apply the proceeds from said sale realized as follows: First, to the payment of the costs herein and of the taxes due from the grantors herein to the state of Ohio. Second, to pay out of the balance equally among their mortgage creditors, and after them among their other lien creditors, in the order of their priority, the just and legal debts of the grantors herein, and each of them.

"*Third*—To return the remainder, if any, to the grantors herein, administering said trust in all things according to the statute regulating assignments for the benefit of creditors."

Whether the administration of this deed of trust was under the laws governing the administration of insolvent estates or whether it was under sections 6328 to 6334, Revised Statutes, is a question I do not find it necessary to determine.

On the sixteenth of March, 1878, the defendants, J. D. Lehmer, J. G. Isham and Andrew Pfirman, became sureties in the sum of fifty thousand dollars ($50,000) for the faithful performance by Strickland of his obligations under said deed.

No bond was given by Strickland, as surety, for the faithful discharge of his duties under these two later deeds.

By the consent of the assignors and Strickland the three assignments were subsequently united in the probate court; the property sold; disbursements made, and one account embracing all sales and disbursements was filed in the probate court; and after exceptions being filed to certain of the items by the assignors, the account showing a balance due from Strickland to the assignees of $7,465.38 was confirmed.

Proceedings in error were then prosecuted by Strickland to the court of common pleas, upon the grounds:

*First*—That the probate court erred in appointing a referee.

*Second*—That it erred in confirming the report of the referee.

*Third*—That it erred in overruling the exceptions of said Strickland to said report.

*Fourth*—That it erred in sustaining the exceptions of the defendants, as shown in said final judgment.

The common pleas court reversed the judgment of the probate court. But the circuit court reversed the judgment of reversal of the common pleas court and affirmed that of the probate court. The language of the circuit court, in its opinion, is as follows:

"The petition in error was filed November 15, 1890. No appeal was taken from this judgment of the probate court, and no motion for a new trial was filed, and no bill of exceptions taken embodying the evidence.

"The court of common pleas could not have properly considered whether what the probate court did was right or not, as the evidence before the probate court could not have been before the court of common pleas, as

there was no motion for a new trial and no bill of exceptions containing the evidence, and this was necessary in order to bring the matter before a reviewing court to be considered as a matter of law ; so that it seems to us that the only question before the court of common pleas was whether, upon the record, the probate court had jurisdiction to render the judgment that it did, viz., that there was in the hands of said Strickland $7,465.38 as said assignee, and ordered that he pay said sum to said assignors.

"That said court had the right to make such a finding upon sufficient evidence, we see no reason to question.

" It, therefore, was wholly immaterial whether said court properly appointed a referee to take testimony and make a finding of facts and law. The court itself, afterwards, on evidence found the facts and the law, and, as far as we are able to see, there is nothing in the record which shows that in so doing the court was in error."

This action is now brought against the defendants as sureties, on the bond given by Strickland, to secure the faithful discharge of the duties of the first trust deed ; and the amount sought to be recovered is the total amount found due the assignors by reason of the delinquency in the three trusts.

The plaintiffs base their claim to recover the entire amount upon the principle declared in a number of cases in this state, viz: that where there has been an accounting in the probate court by an executor, administrator, guardian or assignee, and that court has made a finding as to the amount due from such executor or administrator to his estate ; or from such guardian to his ward, or from such assignee to his assignors, that the finding is conclusive against the sureties in an action against them on the bond given by the executor, administrator, guardian or assignee for the faithful discharge of the duties of the trust : *Newton* v. *Hammond*, 38 Ohio St. 339 ; *Braiden* v. *Mercer*, 44 Ohio St. 435 ; *Schlagel* v. *Entrekin*, 44 Ohio St. 637 ; *Garver* v. *Tinsinger*, 46 Ohio St. 435.

This proposition is undoubtedly the law of this state. But the question in this case is whether the facts of the case, afford an opportunity for the application of it.

Plaintiff's claim is that the entire amount found in the probate court as due by reason of the receipts and disbursements in the three estates is the amount which they are entitled to recover. They do not undertake to point out the amount which is due by reason of any delinquencies as to the first and only estate in which the bond was given. It is conceded, as I understand, that the three trusts have been so united and confused that it is impossible to do this ; and whether this concession is made or not, no evidence has been submitted to me which would enable me to do it. The claim of plaintiffs is for the whole amount found due, or nothing.

It is frequently said by courts that sureties have the right to stand by the letter of their bond, while other courts are disposed to give a more liberal construction to the obligation of the surety. But whatever may be the true rule of construction in this respect, there is no room for argument as to the proposition that a surety can not be made liable for that which falls clearly outside of his obligation of indemnity ; and, as in this case, these defendants were sureties only as to the first deed, and in no way concerned with the second or third deed, it is self-evident that they are not liable for any delinquencies of the assignee under the second and third deeds.

What right, therefore, either in law or in natural justice, have these assignors, who, by their own acts, have enabled the assignee to so unite and confuse these trusts that it is impossible to say to what amount the assignee is delinquent as to the first trust, or whether, indeed, he is delinquent at all, to recover from defendants, who are merely sureties on the first

bond, a delinquency which appears from the management of the three trusts, taken together as a whole.

The plaintiffs base their contention upon two grounds : First, that the finding of the probate court is conclusive and binds the first trust ; and, Second, that, by the rules of equity, the disbursements shown by the account should be charged to the second and third trusts, because the assignors had no security for them, leaving the balance due to be charged to the account of the first trust, a delinquency in which is protected by sureties.

Recurring to the first ground :—Why have the plaintiffs a right to assume that the finding of the probate court is a finding against Strickland, as assignee, of the first deed ?   Have not the defendants quite as much right to insist that it is a finding against Strickland, as assignee, of the second or third deed ?   Must we not face the actual fact that it is a finding as to the balance due from all the trusts, as to which finding we are unable to determine in what proportion the three trusts have contributed to it, or whether, indeed, all three of them have so contributed ?

Recurring to the second ground, viz. : That where there is a confusion of trusts, as in this case, all disbursements must, by the rules of equity, be held to be of the second and third trusts, and not of the first—it seems to me that such a contention defeats the very purpose for which it is made ; because, if such is the rule of either law or equity, then the confusion of these trusts by the assignors worked a most serious damage to the sureties by making payments, which the assignee had made from money received from the first trust deed, inure to the benefit of the second and third deed. Surely, it seems to me, the assignors, without the consent of the sureties, can not act as to thus injuriously affect the rights of the sureties and still insist upon their liability on their bond.

But, in my opinion, the principal case cited by plaintiffs does not sustain this contention.   This case is *Gaston* v. *Barney*, 11 Ohio St. 506.

In that case, " Gaston and Atherton, being indebted to Barney in sundry sums, evidenced by four promissory notes which were all due, two of which were made by the firm alone, and the other two by the firm and a surety, delivered to Barney a number of notes and claims held by them against other parties 'for collection, and when collected to apply on their notes, less all necessary expenses of collection.' "

Barney, having made certain collections on the notes deposited with him as collateral, applied them towards the payment of the notes of Gaston & Atherton, to which there was no surety.   The Supreme Court held, that in the absence of any direction by the debtor, the creditor had the right to make the application to the debt for which he had no surety, and that, in the absence of any such application by him, the law itself would make such application.

I fail to see the analogy in principle between this case and the one at bar.   If in this case Strickland had deposited with the assignors certain collaterals as security for the three deeds, there might arise a case in which the assignors would have the right to apply the collaterals to the deficiencies in the second or third deed of trust before applying them to the first.   But no such case is here presented.

In *Gaston* v. *Barney*, if part payment had been made of the note or notes to which there was a surety, it would not be contended that the sureties should not have the benefit of such payments ; and in this case, if disbursements were actually made from the proceeds of land sold under the firsd deed, the first trust must surely have the benefit of it.

The following language from the opinion in *Gaston* v. *Barney*, (516), is significant :

" The surety was no party to this arrangement and had no right to control its terms.   These principals were dealing, not with his property,

but their own. The claims received by the creditor became, in his hands, a collateral security for the payment of the notes generally and the surety has no right to ask that the creditor shall not be allowed the full benefit of his own vigilance."

It appears from this language, that in the opinion of the court, the surety not being a party to the arrangement of the pledging of the collaterals, had no right to complain if they were not applied for his benefit.

But is it true in this case, that the sureties to the first deed of trust had no right to insist that payments from the proceeds of sale under that deed, and in accordance with the terms, should benefit and relieve them to that extent? The answer to the question is self-evident.

It is strenuously urged, however, that the decision of the circuit court renders impossible a judgment for the defendants in this case.

The citation from the decision of the circuit court which I have previously made, shows that the ground upon which the circuit court affirmed the probate court, was, that the case as presented on the record before them involved but one question, viz., whether the probate court had jurisdiction to render the judgment that it did; and finding no want of jurisdiction in the probate court, the judgment was affirmed.

Whether the joinder in these three trusts could have been made by the probate court without the consent of the assignors or assignee, and, if not, whether such action would have made the union absolutely void for want of jurisdiction, or would merely have been error for which a reversal could have been had, we are not called upon now to inquire, because the record shows that the union was made with the consent of both the assignors and assignee, and such a joinder could not have been void for want of jurisdiction.

The question, therefore, as to the effect of the union of the trusts upon the liability of the sureties under the first deed, was not presented to the circuit court in the record before them, and their decision can, therefore, not be regarded as in any way conflicting with the conclusions which I have reached in this case.

For the reasons above stated, it follows, therefore, that, in my opinion, inasmuch as the assignors have consented that there should be a union of the three trusts, and that such union has made it impossible to determine to what extent, if any, there is a deficiency in the first trust, the plaintiffs are not entitled to any judgment, but the defendants are entitled to a judgment of dismissal.

Other defenses, than the one considered, are made by the defendants, but I do not find it necessary to express an opinion as to their merits.

*J. J. Glidden*, for plaintiff.
*Healy & Brannan*, for defendants.

---

CIRCUIT COURT OPINION.

1827. Joseph S. Cook v. J. D. Lehmer et al.

Heard on error.

SMITH, J. M., Judge.

From our examination of the evidence contained in the bill of exceptions in this case, we are of the opinion that the statement of facts made in the opinion of Judge SMITH, deciding the case in the Superior Court, is substantially correct. Indeed, we think there is no controversy as to the material facts. And we are further of the opinion that he correctly stated the law as applicable to those facts, and for these reasons the judgment of the Superior Court will be affirmed.